SCHOTT, Judge,
dissenting in part.
I agree with my colleagues that Manser is entitled to indemnification by its principal, B.P.B., for the amount which Manser owed to Sayre & Toso but not for the full amount computed on the short rate cancellation basis.
The evidence shows that B.P.B. was induced to purchase this insurance from Man-ser because of Mrs. Solberg’s representation that the premium would be $10,000 to $20,-000 less than the standard rates. When she advised Landweir that the premium was $39,680 for the insurance she procured he was still laboring under the impression created by her that this compared to some $55,000 for the same insurance at the standard rate. I differ with my colleagues when they state that upon receipt by Land-weir of Mrs. Solberg’s letter of March 12 with the 30-day binder, effective from March 10, “the duty immediately devolved upon Landweir, or more specifically B.P.B., to reject the proposal.” Landweir was still relying on her representation and had no reason at that point in time to dispute it. While it was true that the previous insurance policy with Allstate was for $43,825, this must be considered in the light of the fact that insurance premiums have been rising the past several years.
The first clear signal to Landweir that Mrs. Solberg’s rate was out of line was when his employee, Ficken, advised him on March 20 that he was able to procure the same insurance from an authorized company for a provisional annual premium of $24,720. It seems to me that when he got this information Landweir was under a duty to cancel Mrs. Solberg’s policy, and failing in that duty, B.P.B. should indemnify Manser at the short rate basis from March 20 until April 8. However, in view of the fact that for the first eleven days of coverage Landweir was relying on Mrs. Sol-berg, whose representation proved inaccurate, I would allow Manser indemnification for an amount computed on a pro rata rather than a short rate basis.